UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ELAINE EVANS,

                    Plaintiff,

                                          Case No.: 21-11830

v.                                     Honorable Gershwin A. Drain

MERCHANTS AND MEDICAL
CREDIT CORP., INC.,

                    Defendant.

_____/

**OPINION AND ORDER DENYING DEFENDANT'S MOTION TO STRIKE PLAINTIFF'S DECLARATION [#22], DENYING PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT [#14] AND DENYING DEFENDANT'S MOTION TO DISMISS OR ALTERNATIVELY MOTION FOR SUMMARY JUDGMENT [#18] AND CANCELING HEARING**

## I.     INTRODUCTION

On August 6, 2021, Plaintiff Elaine Evans, filed the instant lawsuit against Defendant Merchants and Medical Credit Corporation, Inc. (MMCC) alleging claims under the Fair Debt Collections Practices Act, 15 U.S.C. § 1692 *et seq.* (FDCPA), Michigan's Collection Practices Act, MICH. COMP. LAWS §445.251 *et seq.* (MCPA), and Michigan's Occupational Code, MICH. COMP. LAWS § 339.901 *et seq.* (MOC).  Plaintiff claims that even though she informed MMCC she no

longer disputed a debt, MMCC continues to report the dispute on its tradeline preventing Plaintiff from securing a loan.

Presently before the Court is the Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction, or Alternatively, for Summary Judgment, filed on August 31, 2022. Specifically, MMCC argues Plaintiff has not demonstrated a concrete injury attributable to MMCC's actions, as such her case must be dismissed for lack of Article III standing. Defendant further asserts that even if the Court concludes Plaintiff can demonstrate standing, any failure on the part of MMCC to communicate removal of the dispute tradeline to Experian was a bona-fide, unintentional error that occurred notwithstanding MMCC's maintenance of specific policies and procedures reasonably adapted to prevent the harm that Plaintiff claims occurred in this case.

Also, before the Court is the Plaintiff's Motion for Partial Summary Judgment, filed on July 1, 2022. Plaintiff seeks partial summary judgment as to liability only arguing MMCC admits it received Plaintiff's letter stating that she no longer disputes the tradeline, and Experian's credit disclosures and other evidence of record demonstrate that Defendant continued to falsely report the tradeline as disputed.

Finally, Defendant moves to strike Plaintiff's Declaration, filed on October 26, 2022. Defendant seeks to strike Plaintiff's Declaration and portions of her

Response to Defendant's Motion for Summary Judgment arguing she relies on previously undisclosed evidence to show her injuries, namely evidence related to NCB Savings Bank and her attempt to obtain a home equity loan in 2021 and 2022 in order to pay for medical expenses related to treatment for diabetes and leukemia.

All of the motions before the Court are fully briefed and upon review of the parties' filings, the Court concludes that oral argument will not aid in the disposition of these matters.  Accordingly, the hearing is canceled and the Court will resolve the pending motions on the briefs.  *See* E.D. Mich. L.R. 7.1(f)(2).  For the reasons that follow, the Court will deny all of the pending motions.

## II.    FACTUAL BACKGROUND

Plaintiff alleges MMCC, a Flint, Michigan debt collection agency, is attempting to collect a consumer debt purportedly owed to third-party Miles Grubb Associates LLC in the amount of $103.00.[1]  ECF No. 1, PageID.2.  On June 15, 2020, Plaintiff contacted MMCC to dispute the account.

On May 24, 2021, MMCC received a letter from Plaintiff's counsel indicating that "our client no longer disputes" the Account.  The letter requested that the dispute comment be removed from the account.  MMCC claims it removed the dispute flag from Plaintiff's Account, which is reflected in its business records

---

[1]  MMCC's Collection Manager claims the debt is $143.60.  ECF No. 16, PageID.121, 126.

and bears the initials of the employee who processed the removal request, the date and time the dispute flag was removed from the account, and the following notation, "REMOVED DISPUTE FLAG."

Plaintiff complains that even though she no longer disputes the collection item and MMCC acknowledges receipt of her May 2021 letter from counsel, Defendant continues to report to Experian and Trans Union credit reporting agencies that the account information is "disputed by the consumer." *Id*., PageID.2-3. She maintains that Defendant updated its reporting of the account on July 19, 2021 but continues to report Plaintiff's account as disputed.

Plaintiff further relies on Experian's credit disclosure dated October 23, 2021, which shows that as of that date, Defendant continued to report the tradeline as "Account information disputed by consumer." Moreover, Experian provided the Declaration of the Manager of Litigation Support, who indicates she reviewed the history of Defendant's tradeline displaying Plaintiff's Experian Disclosure and on that date, the tradeline was reporting a dispute code of "XB" which displays as "Account Information Disputed by Consumer." The XB code can only be added and removed by the Defendant. No request from Defendant to remove the XB code from the tradeline was found. Defendant's transmissions of the tradeline on 3/2/22, 3/16/22, 4/4/22 and 4/19/22 still included the XB code.

4

In her Response to Defendant's Motion for Summary Judgment, Plaintiff included her September 23, 2022 Declaration, wherein she indicates that she was interested in getting a home equity loan from NCB Savings Bank (NCB), which holds a mortgage on her condominium.  ECF No. 20, PageID.194.  Plaintiff reached out to a loan officer at the bank in June of 2021 and on multiple occasions in 2022.  *Id*.  Plaintiff was told by the loan officer on each occasion that she was denied in part due to the presence of the dispute remark in Defendant's tradeline. *Id.*  Plaintiff further asserts that she needed the loan to help pay medical expenses for diabetes and leukemia treatments.  *Id.,* PageID.195.  She has suffered stress, anxiety, worry, and frustration resulting in stress headaches and loss of sleep.  *Id*.

Defendant counters that it did inform Experian that the dispute flag should be removed from the account; however, to the extent it still appears, the reporting error is due to a bona-fide, unintentional error that occurred notwithstanding MMCC's maintenance of specific policies and procedures adapted to prevent the error that Plaintiff alleges occurred here.  *See* ECF No. 16, PageID.122, Decl. of Greg Church.  Defendant argues that it has been in business since 1960 and has implemented internal policies and procedures that govern how MMCC employees are to conduct themselves when handling accounts placed with MMCC for collection.  *Id*.  MMCC performs on-site monitoring of its employees and audits to ensure compliance with its policies and procedures.  *Id*., PageID.123.

MMCC also has policies for handling disputed accounts. *Id*. If a consumer disputes an unpaid debt, and subsequently withdraws his or her dispute, MMCC employees are trained to remove the dispute notation previously added to the account to ensure all persons reviewing, or otherwise, performing any action on the account, have knowledge that the account is no longer disputed by the consumer. *Id*., PageID.125.  Defendant argues this is exactly what occurred in this case, and if it did not, it was due to a bona fide error.

## III.   LAW & ANALYSIS

### A.  **Standards of Review**

Whether a party has standing is an issue of the court's subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1).  *Lyshe v. Levy*, 854 F.3d 855, 858 (6th Cir. 2017).  Subject matter jurisdiction is always a "threshold determination," *American Telecom Co. v. Republic of Lebanon*, 501 F.3d 534, 537 (6th Cir. 2007), and "may be raised at any stage in the proceedings."  Schultz v. General R.V. Ctr., 512 F.3d 754, 756 (6th Cir. 2008).

Challenges to subject-matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1) "comes in two varieties: a facial attack or a factual attack." *Gentek Bldg. Prods., Inc. v. Sherwin-Williams Co*., 491 F.3d 320, 330 (6th Cir. 2007).  A facial attack on the subject-matter jurisdiction questions the sufficiency of the pleading; as such, the district court must take the allegations in the complaint

as true. *Ohio Nat'l Life Ins. Co. v. United States*, 922 F.2d 320, 325 (6th Cir. 1990). However, where there is a factual attack on the subject-matter jurisdiction asserted in the complaint, "no presumptive truthfulness applies to the factual allegations." *Id.*

Federal Rule of Civil Procedure 56(a) "directs that summary judgment shall be granted if there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Cehrs v. Ne. Ohio Alzheimer's Research Ctr*., 155 F.3d 775, 779 (6th Cir. 1998) (quotations omitted). The court must view the facts, and draw reasonable inferences from those facts, in the light most favorable to the non-moving party. *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 255, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). No genuine dispute of material fact exists where the record "taken as a whole could not lead a rational trier of fact to find for the non-moving party." *Matsushita Elec. Indus., Co. v. Zenith Radio Corp*., 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). Ultimately, the court evaluates "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson*, 477 U.S. at 251–52, 106 S.Ct. 2505.

Pursuant to Rule 26(a), a party is to disclose "the name and, if known, the address and telephone number of each individual likely to have discoverable information . . . that the disclosing party may use to support its claims or defenses."

Fed. R. Civ. P. 26(a).  "If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence . . . unless the failure was substantially justified or is harmless."  Fed. R. Civ. P. 37(c)(1).  Courts look to five factors to "assess whether a party's omitted or late disclosure" is harmless:

> (1) The surprise to the party against whom the evidence would be offered; (2)  the ability of that party to cure the surprise; (3)  the extent to which allowing the evidence would disrupt the trial; (4)  the importance of the evidence; and (5)  the nondisclosing party's explanation for its failure to disclose the evidence.

*Howe v. City of Akron*, 801 F.3d 718, 748 (6th Cir. 2015).

### B. **Defendant's Motion to Strike**

Defendant moves for an order striking Plaintiff's Declaration and any portion of her Response brief relying on previously undisclosed information concerning NCB Savings Bank.  Defendant complains that Plaintiff failed to identify NCB Savings Bank in her initial disclosures, nor did she supplement with this information during the discovery period.  Defendant seeks an order prohibiting Plaintiff from relying on any evidence related to the NCB Savings Bank as a sanction pursuant to Rule 37(c)(1).  Defendant complains that it had no opportunity to learn the identity of any witnesses from NCB Savings Bank and their anticipated areas of testimony, serve document subpoenas or depose any of these witnesses.

Plaintiff concedes that she failed to disclose NCB in her initial disclosures. However, she argues the failure was an oversight and harmless. Even if this Court concludes that her failure was not harmless, striking her Declaration in its entirety and portions of her Response is far too harsh a sanction when both contain statements and evidence that relate to her claims and go beyond the NCB evidence. Moreover, Plaintiff argues less drastic sanctions are available such as precluding Plaintiff from calling any NCB witnesses during trial.

Plaintiff alleged in her complaint that she was ineligible for a mortgage due to Defendant's failure to remove the dispute remark from its tradeline.  While Plaintiff sought a home equity loan from NCB rather than a conventional mortgage, Plaintiff's allegation put Defendant on notice that she had been denied a loan due to the improper dispute remark.  Moreover, Plaintiff argues that Defendant served no written discovery requests to Plaintiff and did not depose the Plaintiff.  Since Defendant chose not to seek any discovery from Plaintiff—who is the most material witness in this case—it strains credulity to find that Defendant would have sought discovery from NCB had Plaintiff identified NCB in her initial disclosure.  Defendant also did not seek any discovery from the other witnesses— Experian and Trans Union—identified by Plaintiff in her initial disclosures.

Additionally, this evidence is very important to her case.  NCB is the entity that denied the home equity loan to Plaintiff.  Similar to the facts in *Jones v.*

9

*Waypoint Res. Grp., LLC*, if the Court were to exclude her affidavit in its entirety, MMCC would likely be entitled to summary judgment because she could not establish all of the elements of her claims.  No. 19-cv-12851, 2021 U.S. Dist. LEXIS 47784, at *14-15 (E.D. Mich. Mar. 15, 2021).  In *Jones*, the plaintiff failed to identify a witness during her initial disclosures or during discovery.  *Id*. at *12. The Jones court determined that striking the Plaintiff's affidavit was inappropriate because doing so would "effectively end [the plaintiff's] case."  *Id*. at *15. Additionally, the *Jones* court relied on the fact that the defendant, like MMCC here, failed to depose the Plaintiff and "had it done so, it probably would have learned" the identity of the witness who sent the dispute letter.  *Id*.  Finally, similar to the facts in this case, the Court can cure the prejudice to MMCC by permitting MMCC to depose a witness from NCB and sanctioning Plaintiff in the amount of MMCC's attorney's fees incurred as result of drafting and filing the instant motion to strike.  Accordingly, the Court will not exclude Plaintiff's Declaration nor any portions of her response brief and denies Defendant's Motion to Strike.

### C. Plaintiff's Motion for Partial Summary Judgment

Plaintiff argues she is entitled to judgment in her favor as to liability on Counts I and II of her Complaint and the case should proceed to trial on the issue of damages.[2]  Plaintiff asserts Defendant continues to report false information on

---

[2] Plaintiff has stipulated to dismiss her MRCPA claim, Count III. *See* ECF No. 8.

her credit files even though it admits receiving her letter.  She argues Defendant has failed in its burden to come forward with any evidence that it informed Experian to remove the dispute remark.  Plaintiff relies on the sworn declaration of Experian stating Defendant never instructed it to remove the dispute remark.

A prima facie FDCPA claim must allege that: (1) the plaintiff is a "consumer" as defined by the FDCPA; (2) the alleged debt is a "debt" as defined by the FDCPA; (3) the defendant is a "debt collector" as defined by the FDCPA; and (4) the defendant violated a provision of the FDCPA.  *Dunn-Mason v. JP Morgan Chase Bank, NA*, No. 11-cv-13419, 2013 WL 5913684, at *11 (E.D. Mich. Nov. 1, 2013).  The FDCPA is a strict liability statute.  *Picht v. John R. Hawks, Ltd.*, 236 F.3d 446, 451 (8th Cir. 2001).  A debt collector violates the FDCPA when it "[c]ommunicat[es] or threaten[s] to communicate to any person credit information which is known or which should be known to be false[.]" 15 U.S.C. § 1692e(8).

"An exception to strict liability exists only where a debt collector commits a violation resulting from 'a bona fide error.'" *Kistner v. Law Offices of Michael P. Margelefsky, LLC*, 518 F.3d 433, 438 (6th Cir. 2008).  To establish the bona fide error affirmative defense, "[t]he debt collector must show, by a preponderance of the evidence that (1) the violation was unintentional, (2) the violation was a result of a bona fide error, and (3) the debt collector-maintained procedures reasonably

adapted to avoid any such error." *Litt v. Portfolio Recovery Assocs*., 146 F. Supp. 3d 857, 875 (E.D. Mich. 2015).   "The first element of the bona fide error defense is a subjective test that assesses the credibility of the debt collector's assertions that the FDCPA violation was not intentional. The second and third elements of the bona fide error defense are objective inquiries." *Id*.  "All three prongs must be satisfied for [the defendant] to invoke the bona fide error defense." *Id*.  The Act aims to shield only "clerical or factual mistakes." *Id.*

Defendant asserts Experian's records alone do not conclusively establish that MMCC failed to remove the dispute flag from Plaintiff's Account after being notified that Plaintiff no longer disputed the account.  MMCC's business records and the Declaration of its Collection Manager, Greg Church, demonstrate the dispute notation was removed on the same day that MMCC received notice from Plaintiff she no longer wished to dispute the debt.

Defendant also argues that it is entirely possible that Experian lost, discarded, or miscoded Plaintiff's Account.  The Experian Declaration does not explain its procedures, whether it performs audits or whether the reporting discrepancy has happened in the past.  Defendant maintains a reasonable juror could find in its favor.

Defendant further argues that Plaintiff is not entitled to judgment in her favor on Count II because she fails to substantively address this claim in her

motion.  Plaintiff does not establish that the reporting at issue qualifies as "a communication to collect the debt" as required to establish a violation of Mich. Comp. Laws 339.915(e).

Plaintiff responds that Defendant should not be permitted to rely on its polices and procedures because it failed to provide them during discovery even though specifically requested by Plaintiff.  In any event, Plaintiff argues Defendant has failed to raise a genuine issue of material fact because it has only provided a Declaration, without any other evidence of transmitting to Experian an instruction to remove the dispute notation from Plaintiff's report.  Plaintiff further asserts that Defendant offers speculation that Experian could have miscoded Defendant's directive, but Defendant has the burden of establishing its bona fide error, which is an affirmative defense.  *See Litt v. Portfolio Recover Assocs.*, 146 F. Supp.3d 857, 875 (E.D. Mich. 2015).

Here, the competing evidence of record precludes entry of summary judgment on Plaintiff's FDCPA and MCPA claims.  The Court declines to preclude Defendant from relying on its policies and procedures when the prejudice to Plaintiff can be cured by reopening discovery to allow Plaintiff to depose an employee of MMCC concerning Defendant's policies and procedures.  While Experian denies that it received instructions from MMCC to remove the dispute notation after May 24, 2021, MMCC's business records and the Church declaration

suggest the dispute notation was removed on MMCC's end on the same day

MMCC received Plaintiff's letter.  On this record, both sides have offered

sufficient evidence upon which a reasonable jury could find in their favor.  Indeed,

whether MMCC's procedures are reasonably adapted to avoid the error that

occurred here is a question of fact for the jury to decide. *See Ewers v. Rainmaker*

*Recovery 3, Inc.*, 393 F. Supp. 3d 614, 618 (E.D. Mich. 2019) (holding that

whether a debt collector's procedures are reasonably adapted to avoid a bona fide

error "is an objective and fact-intensive inquiry that is generally left to the fact-

finder.")  Because material questions of fact exist, Plaintiff's Motion for Partial

Summary Judgment must be denied.

### D. Defendant's Motion to Dismiss

Defendant argues that Plaintiff's allegations of harm do not suffice at the

summary judgment stage and that "Plaintiff has not shown any injury-in-fact

separate and apart from MMCC's alleged violations of the FDCPA's statutory

provisions" and therefore has not established standing to bring her claims.

To establish standing, the plaintiff must have:

(1)    suffered an injury in fact
(2)    that is fairly traceable to the challenged conduct of the defendant, and
(3)    that is likely to be redressed by a favorable judicial decision."

*Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016) (citation omitted).  To establish

an injury in fact, "a plaintiff must show that he or she suffered 'an invasion of a

legally protected interest' that is 'concrete and particularized' and actual or imminent, not conjectural or hypothetical.'" *Spokeo*, 578 U.S. at 339.

Here, as a result of Defendant's failure to remove the dispute remark from Plaintiff's credit files, Plaintiff could not obtain a home equity loan that she sought to help pay her medical and other expenses, including payments for insulin for her diabetes and treatments for her leukemia. Plaintiff also suffered from stress, anxiety, worry, frustration, and other forms of emotional distress as a result of Defendant's refusal to remove the dispute remark, which resulted in Plaintiff suffering from stress headaches and loss of sleep from worrying about the inability to get the dispute remark removed.

Plaintiff has suffered monetary, physical, and emotional harms due to Defendant's violation of the FDCPA. Thus, Plaintiff has demonstrated standing to bring her claims and Defendant's motion to dismiss for lack of subject matter jurisdiction will be denied.

Finally, because questions of fact remain on Defendant's bona fide error defense as described above, entry of summary judgment in Defendant's favor is inappropriate. Whether MMCC's procedures are reasonably adapted to avoid a bona fide error is "an objective and fact-intensive inquiry that is generally left to the fact-finder." *Ewers*, 393 F. Supp. 3d at 618.

## IV.   CONCLUSION

Accordingly, Defendant's Motion to Strike Plaintiff's Declaration [#22] is DENIED.

Defendant's counsel shall file an affidavit, along with its billing records, evidencing the reasonable hours expended in drafting and filing Defendant's Motion to Strike no later than February 15, 2023.  Plaintiff may file a Response to Defendant's affidavit and billing records no later than February 28, 2023.

The Court reopens discovery for the purpose of allowing MMCC to depose a witness from NCB and to allow Plaintiff an opportunity to depose a witness from MMCC concerning MMCC's policies and procedures. Discovery shall be reopened for these purposes until March 31, 2023.  If either party believes it has grounds to seek summary judgment on Plaintiff's claims, they may file a renewed motion for summary judgment no later than April 21, 2023.  The motion may not raise any arguments that could have been made in the Motions decided today.

Plaintiff's Motion for Partial Summary Judgment [#14] is DENIED.

Defendant's Motion to Dismiss, or Alternatively, Motion for Summary Judgment [#18] is DENIED.

The Court will issue a Second Amended Scheduling Order forthwith.

SO ORDERED.

Dated:  January 31, 2023                          /s/Gershwin A. Drain
                                                  GERSHWIN A. DRAIN
                                                  United States District Judge

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
January 31, 2023, by electronic and/or ordinary mail.
/s/ LaShawn R. Saulsberry for Teresa McGovern
Case Manager